1  McGREGOR W. SCOTT
   United States Attorney
2  ROSS PEARSON
   AARON D. PENNEKAMP
3  Assistant United States Attorneys
   501 I Street, Suite 10-100
4  Sacramento, CA 95814
   Telephone:  (916) 554-2700
5  Facsimile:  (916) 554-2900

6

   Attorneys for Plaintiff
7  United States of America

8

9              IN THE UNITED STATES DISTRICT COURT

10              EASTERN DISTRICT OF CALIFORNIA

11

   UNITED STATES OF AMERICA,              CASE NO.  2:19-CR-00183-JAM
12
                         Plaintiff,       STIPULATION REGARDING EXCLUDABLE
13                                         TIME PERIODS UNDER SPEEDY TRIAL ACT;
              v.                           FINDINGS AND ORDER
14
   ERIC MAGANA,                            DATE: November 3, 2020
15                                         TIME: 9:30 a.m.
                         Defendant.        COURT: Hon. John A. Mendez
16

17

18        This case is set for status conference on November 3, 2020.  On May 13, 2020, this Court issued

19  General Order 618, which suspends all jury trials in the Eastern District of California "until further

20  notice."  Further, pursuant to General Order 611, this Court's declaration of judicial emergency under 18

21  U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this Court's

22  judicial emergency, this Court has allowed district judges to continue all criminal matters to a date after

23  May 2, 2021.[1]  This and previous General Orders, as well as the declarations of judicial emergency,

24  were entered to address public health concerns related to COVID-19.

25        Although the General Orders and declarations of emergency address the district-wide health

26  concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision

27  _____

28        [1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the
   request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order
   will impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

   STIPULATION REGARDING EXCLUDABLE TIME              1
   PERIODS UNDER SPEEDY TRIAL ACT

"counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 and the subsequent declaration of judicial emergency require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders and declaration of judicial emergency exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). [2] If continued, this Court should designate a new date

---

[2] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion. General Order 612, ¶ 5 (E.D.

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

1   for the status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any

2   pretrial continuance must be "specifically limited in time").

3                                             **STIPULATION**

4          Plaintiff United States of America, by and through its counsel of record, and defendant, by and

5   through defendant's counsel of record, hereby stipulate as follows:

6          1.      By previous order, this matter was set for status on November 3, 2020.

7          2.      By this stipulation, the parties now move to continue the status conference until

8   November 24, 2020, and to exclude time between November 3, 2020, and November 24, 2020, under 18

9   U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4].

10         3.      The parties agree and stipulate, and request that the Court find the following:

11                 a)      The government has represented that the discovery associated with this case

12         includes reports, photographs, videos, and other documents either produced directly to counsel

13         and/or made available for inspection and copying. All of this discovery has been either produced

14         directly to counsel and/or made available for inspection and copying.

15                 b)      Counsel for defendant desires additional time to review the new discovery

16         materials, as well as the items already produced, discuss them with their clients, conduct research

17         into any potential suppression issues or motions to dismiss, conduct additional investigation, and

18         prepare for trial.  The parties have also engaged in plea discussions and are optimistic that they

19         will be able to resolve this case without a trial.  In addition, since the last status conference the

20         parties have engaged in plea discussions and need to do additional follow-up in coordinating and

21         negotiating a multi-district plea to resolve Magana's charges in the Eastern District of Arkansas.

22         The parties anticipate that the additional time will give them the ability to resolve this case.

23         Therefore, counsel need additional time to finalize a plea agreement and research and resolve

24         issues related to a multi-district resolution.

25                 c)      Counsel for defendant believes that failure to grant the above-requested

26         continuance would deny him/her the reasonable time necessary for effective preparation, taking

27         into account the exercise of due diligence.

28
─────────────────
Cal. March 18, 2020).

STIPULATION REGARDING EXCLUDABLE TIME                        3
PERIODS UNDER SPEEDY TRIAL ACT

1        d)      The government does not object to the continuance.

2        e)      In addition to the public health concerns cited by the General Orders and

3  declarations of judicial emergency, and presented by the evolving COVID-19 pandemic, an

4  ends-of-justice delay is apt in this case because counsel for both the government and the

5  defendant have been instructed to work remotely, and counsel for the defendant has been

6  instructed by his supervisor not to make in-person visits to the Sacramento County Jail, which

7  has made it more difficult to review discovery with Mr. Magana.

8        f)      Based on the above-stated findings, the ends of justice served by continuing the

9  case as requested outweigh the interest of the public and the defendant in a trial within the

10  original date prescribed by the Speedy Trial Act.

11        g)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

12  et seq., within which trial must commence, the time period of November 3, 2020 to November

13  24, 2020, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local

14  Code T4] because it results from a continuance granted by the Court at defendant's request on

15  the basis of the Court's finding that the ends of justice served by taking such action outweigh the

16  best interest of the public and the defendant in a speedy trial.

17    4.      Nothing in this stipulation and order shall preclude a finding that other provisions of the

18  Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial

19  must commence.

20        IT IS SO STIPULATED.

21

22

23  Dated:  October 29, 2020                          McGREGOR W. SCOTT
                                                       United States Attorney

24

25                                                     /s/ ROSS PEARSON
                                                       ROSS PEARSON
26                                                     Assistant United States Attorney

27

28

STIPULATION REGARDING EXCLUDABLE TIME                    4
PERIODS UNDER SPEEDY TRIAL ACT

1

Dated:  October 29, 2020

2

/s/ *Douglas J. Beevers*
DOUGLAS J. BEEVERS
Counsel for Defendant
ERIC MAGANA
(Authorized by email on October
29, 2020)

3

4

5

6

7

**FINDINGS AND ORDER**

8

IT IS SO FOUND AND ORDERED this 29th day of October, 2020.

9

10

/s/ John A. Mendez
THE HONORABLE JOHN A. MENDEZ
UNITED STATES DISTRICT COURT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

5